IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIANO OLEA, | No. C 15-4319 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons that follow, the court DISMISSES the petition.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is

1  appropriate only where the allegations in the petition are vague or conclusory, palpably
2  incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.
3  1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  <u>Petitioner's Claims</u>

Petitioner claims that he has been attempting to obtain the return of his property, which was lawfully seized pursuant to a search warrant and then held by the district attorney's office. Petitioner alleges that the failure of the California courts to return his property violates his constitutional rights.

The power of a federal habeas court "lies to enforce the right of personal liberty." *Fay v. Noia*, 372 U.S. 391, 430 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). As such, a habeas court only has the power to release a prisoner. It has "no other power." *Fay*, 372 U.S. at 431. Here, the petition does not attempt to challenge either the petitioner's conviction or the length of his sentence. Success in this action would not result in his release or any change in his sentence. Accordingly, habeas jurisdiction is absent, and this petition must be dismissed.

**CONCLUSION**

For the foregoing reasons, this petition is DISMISSED with prejudice. The Clerk shall terminate all pending motions and close the file.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Accordingly, a COA is DENIED.

IT IS SO ORDERED.

DATED: 2/5/2016

LUCY H. KOH
United States District Judge